Property, Sections 3002 and 3324, in our judgment do not apply, if we are correct in our reasoning in this opinion. We do not think the transaction in the instant case was such a conveyance in law as transmitted any property right, and in the cases just cited the conveyances, as matters of law, were not minus those elements that constitute transmission or transfer of property.

Holding these views, a decree for the plaintiffs may be entered.

*Decree for plaintiffs.*

VICKERY and LEVINE, JJ., concur.

---

THE CLEVELAND, CINCINNATI, CHICAGO & ST. LOUIS RY. CO. v. HOSLER.

*Negligence—Railroad train collided with automobile at street grade crossing—Approaching view obstructed by railroad cars and buildings—Automobile driver not negligent in not looking and listening, when—Railroad watchman beckoned driver to cross tracks.*

Where a railroad company, on its right of way, places cars and maintains buildings which obstruct the view of travelers approaching a street crossing of such railroad in a village, and the railroad company maintains a watchman at such crossing, and, when a train is approaching such crossing, said watchman beckons a traveler in an automobile on said street to cross said railroad, such traveler has a right to assume, in the absence of knowledge to the contrary, that such watchman is properly discharging his duty, and is bound to exercise only such care as persons of ordinary prudence are accustomed to exercise under such circumstances, and his failure to look

and listen as he approaches said crossing is not negligence, as a matter of law.

(Decided October 20, 1927.)

Error: Court of Appeals for Lorain county.

*Mr. H. C. Johnson,* for plaintiff in error.
*Mr. Robert L. Carr,* for defendant in error.

Pardee, J. The parties stand in this court in an order the reverse of that held in the court below, but for convenience they will be referred to, in this opinion, as plaintiff and defendant, as they were in the trial court.

The plaintiff, Heywood J. Hosler, brought an action in damages against the defendant for personal injuries which he sustained on the morning of November 16, 1925, at what is known as the Big Four West Main street grade crossing in the village of Wellington, in Lorain county, when a Ford coupe which he was driving collided with one of defendant's passenger trains. The defendant denied any liability, the case went to trial to the court and jury, and a verdict and judgment were rendered for the plaintiff.

West Main street and the tracks of said defendant intersect at grade, and there are at that point two main tracks, running in a northerly and southerly direction, and two side tracks at the freight depot west of the west-bound main track. The side track furthest west is known as the house track, and the side track known as the back track is east of the house track, and is located a distance of 42.2 feet west of the west-bound main track.

The plaintiff lived on Bennett street in said

village, which street intersects West Main street about 1,200 feet west of the west-bound main track. On the morning in question, at about 7 o'clock, the plaintiff left his residence on Bennett street in his coupe, with all its windows closed, and proceeded up Bennett street to Main street at the rate of 20 miles an hour, and then drove easterly along Main street to said crossing. As he drove on Main street he saw the defendant's watchman with a lighted lantern on the crossing, and proceeded easterly over the crossing and collided with passenger train No. 11 of the defendant company which was behind time and running at a rate of approximately 70 miles an hour, in a southerly direction. About 370 feet north of the crossing the passenger depot of said defendant is located, and immediately west of said house switch track is the freight depot of said defendant.

Defendant's counsel claims, in his brief and oral argument, that the evidence shows that the plaintiff was guilty of contributory negligence, as a matter of law, and that the trial judge ought to have directed a verdict for the defendant upon that ground, and that his failure to do so was error for which it is entitled to have the judgment reversed. and a final judgment entered for it in this court.

The plaintiff claims, and his evidence tended to prove, that as he approached the crossing he slowed down the speed of his car to less than 10 miles an hour; that defendant's watchman, with the lighted lantern, signaled him "to come on," and that, relying upon said signal, he went upon said crossing; and that after he reached said crossing he looked to the north and south and listened, and, not seeing or hearing the approaching danger, he

increased the speed of his car to more than 10 miles an hour, and then drove his automobile into the place of danger where the collision occurred.

The evidence of the plaintiff also tended to prove that as he drove easterly he could not see an approaching train from the north until "right up" to the west-bound main track, the track upon which the train was approaching.

At the conclusion of the plaintiff's case, the defendant made a motion to take the case from the jury, which motion was overruled, the overruling of which is one of the grounds of error about which complaint is made.

This motion admitted, for the purposes of the motion, all the facts and the inferences to be drawn therefrom which the evidence in any way tended to prove most favorable to the plaintiff; this, then, established that the watchman invited the plaintiff to cross, at the time and under the circumstances as claimed by the plaintiff; that the plaintiff looked and listened at the time and place as testified to by him; that he could not see to the north when upon said crossing, until he was right up to the west-bound main track; and that he was driving at the rate of approximately 10 miles an hour, and the train was going at the rate of 70 miles an hour. Therefore, under these admitted facts, neither the trial court nor this court could or can properly say, upon said motion, that the plaintiff was guilty of negligence as a matter of law, and that he did not look and listen at a time and place, when the same would have been effective, as "such a motion involves an admission of all the facts, which the evidence in any degree *tends* to prove, and presents only a question of law, whether each fact indis-

pensable to the right of action and put in issue by the pleadings has been supported by some evidence. If it has, the motion must be denied, as no finding of facts by the court, or weighing of the evidence, is permitted.''

There was no error committed by the trial court in overruling the motion for a directed verdict in favor of the defendant at the conclusion of the plaintiff's case in chief.

The evidence of the defendant proved, or tended to prove, that defendant's watchman did not signal the plaintiff to come upon the crossing as claimed, and that the plaintiff did not look and listen at a time and place when and where his looking and listening would have been effective.

This, then, presented a question of fact, to be determined by the jury, as to whether the plaintiff was invited by the watchman of said defendant to go upon the crossing, as claimed by plaintiff, unless the evidence showed that after plaintiff reached the crossing, whether he was invited or not, he was guilty of negligence if he failed to look and listen for approaching danger when said looking and listening would have been effective.

The evidence shows that the train was running at the rate of approximately 70 miles an hour, or approximately 102 feet a second. There is a dispute as to the speed of the automobile, the plaintiff claiming that he was driving at the rate of approximately 10 miles an hour at the time of the accident, or about 14.6 feet per second, and the defendant claiming that he was driving at the rate of approximately 25 miles an hour, or about 36-2/3 feet per second.

The engineer testified that he saw the plaintiff

just after the train passed the passenger depot, which is located 370 feet north of the crossing; so at the rate the train was going, a trifle over 3 seconds would be required to cover the distance between said point and the place of the accident, and, if the plaintiff was driving at the rate of speed he claimed, it would require 4 seconds to drive from the spot where the engineer claimed the train would be first visible after it passed the depot to the place of accident, and only a trifle over 1 second to drive the said distance if the plaintiff was driving at the speed claimed by the engineer and other witnesses of the defendant.

The plaintiff claimed also that you could not see to the north until you reached the west-bound main track, and the witnesses for the defendant testified that you could see to the north, past the depot, immediately after you crossed the east switch track, known as the back track.

There is a dispute in the testimony as to other facts and the inferences to be drawn therefrom.

If the plaintiff went upon the track, as claimed by him, upon the affirmative invitation of defendant's agent, the degree of care required of him would be greatly different from that required if he went upon the track without such invitation. It is a matter of common knowledge that it frequently happens that watchmen at railroad crossings signal pedestrians and others to proceed, and that great reliance is placed upon such signal. This, then, relieves the person of that degree of care which would be required if such signal had not been given. We feel that this subject was fully covered by the opinion of this court in the recently

decided case of *Kasky* v. *B. & O. Rd. Co.*, 23 Ohio App., 185, 155 N. E., 174.

At the request of the defendant, the trial judge charged the jury, before argument, that cars and buildings on the right of way of the defendant which obstructed the view of plaintiff imposed a duty of greater care on plaintiff, and that if the plaintiff's own negligence directly contributed in the slightest degree to cause his injuries he could not recover, and that even if the watchman signaled the plaintiff "to come on" he could not recover if he failed to look and listen "at such time and in such manner as to make his looking and listening effective," and that:

"You are charged, as a matter of law, that a traveler approaching a railroad crossing at which he knows a watchman is stationed, while entitled to place some reliance upon the indication of safety which such watchman's presence and signal to cross, if any, implies, he is nevertheless bound to use such care in addition as an ordinarily prudent person would use under such circumstances."

These charges were repeated in the general charge, and were probably more favorable to the defendant than it had a right to expect, and it is quite evident that the jury, by its verdict upon the disputed evidence, must have found that the plaintiff went upon the crossing at the invitation of the defendant's watchman, and we cannot say that such finding is manifestly against the weight of the evidence.

The jury having so found, we think that it was a question also for the jury to decide whether, under the disputed facts hereinbefore referred to and others, the watchman misled the plaintiff, and

to say whether, under all the circumstances, plaintiff acted with that degree of care which persons of common prudence and intelligence would exercise when placed in a similar position.

From a careful examination of the record, we do not find any errors therein prejudicial to the plaintiff in error. The judgment will therefore be affirmed.

*Judgment affirmed.*

WASHBURN, P. J., and FUNK, J., concur.